IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Petitioner,         ) <br> ) <br> v.                         ) <br> ) <br> ) <br> ) <br> EUGENE J. KERNAN,         ) <br> ) <br> Respondent.         ) <br> _____ ) | CIV. NO. 06-00478 HG-BMK <br><br><br> ORDER DENYING EUGENE J. <br> KERNAN'S MOTION TO <br> COMPEL AND FINDING & <br> RECOMMENDATION (1) THAT <br> KERNAN'S MOTION TO DISMISS <br> BE DENIED, AND (2) THAT THE <br> IRS SUMMONS BE ENFORCED |

ORDER DENYING EUGENE J. KERNAN'S MOTION TO COMPEL AND
FINDING & RECOMMENDATION (1) THAT KERNAN'S MOTION TO
DISMISS BE DENIED, AND (2) THAT THE IRS SUMMONS BE ENFORCED

On June 20, 2006, the Internal Revenue Service ("IRS") issued an administrative summons to Respondent Eugene J. Kernan ("Kernan"). The summons directed him to appear before Revenue Agent Susan Mitsuyoshi ("Mitsuyoshi") on July 6, 2006, to give testimony and to produce a variety of books, records, papers, and other data related to an IRS investigation of Kernan for the promotion of abusive tax arrangements.

Kernan failed to comply with the summons, and on August 31, 2006, the IRS filed a petition to have the summons enforced. The Court issued an Order to Show Cause why the petition should not be enforced on September 12, 2006. On October 20, 2006, Kernan filed a motion to dismiss the petition to enforce the

summons. To obtain information in support of his motion to dismiss, Kernan subpoenaed Mitsuyoshi and a number of IRS documents and records. He filed a motion to compel compliance with these subpoenas on November 10, 2006. These motions were heard on January 19, 2007.

After careful consideration of the motions, the supporting and opposing memoranda, and the arguments of counsel, the Court ORDERS that Kernan's motion to compel be DENIED; FINDS that the Powell factors have been met; and RECOMMENDS that Kernan's motion to dismiss be DENIED and that the IRS summons be ENFORCED.

## LEGAL STANDARD

The IRS has broad authority to issue summonses under 26 U.S.C. § 7602(a). See Tornay v. United States, 840 F.2d 1424, 1431 (9th Cir. 1988). To enforce a summons, the United States must show that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS's possession; and (4) satisfies all administrative steps required by the Internal Revenue Code. United States v. Powell, 379 U.S. 48, 57-58 (1964). The prima facie showing required of the

United States is "minimal" and may be satisfied by an affidavit of the investigating agent. Liberty Fin. Servs. v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985).

Once the United States has made its prima facie showing, the burden then shifts to the taxpayer to show an abuse of process. Id.; see Powell, 379 U.S. at 58. This is a "heavy" burden, and to meet it, the taxpayer must include "specific facts and evidence to support his allegations." Liberty Fin. Servs., 778 F.2d at 1392.

## DISCUSSION

I. KERNAN'S MOTION TO COMPEL

In an attempt to support his motion to dismiss, Kernan subpoenaed a number of IRS documents and the testimony of Mitsuyoshi. Kernan seeks to use these subpoenas as a discovery tool. However, discovery is generally not allowed in summons enforcement cases. Chen Chi Wang v. United States., 757 F.2d 1000, 1004 (9th Cir. 1985). Discovery is only allowed where the taxpayer is able to raise a "substantial challenge" to the United States' prima facie showing by "alleging specific facts that raise 'sufficient doubt' about the validity of the summonses." Stuart v. United States, 813 F.2d 243, 251 (9th Cir. 1987), rev'd on other grounds, 489 U.S. 353 (1989).

Here, Kernan is unable to raise "sufficient doubt," id., about the validity of the summons. The Court rules that Kernan is not entitled to discovery, and ORDERS that Kernan's motion to compel compliance with the subpoenas duces tecum be DENIED.

II.   KERNAN'S MOTION TO DISMISS

Kernan moves the Court to dismiss the United States' third party petition to enforce the summons. He asserts five arguments in support of his motion; the Court FINDS that none of these arguments prevail, and RECOMMENDS that his motion to dismiss be DENIED.

First, Kernan argues that the petition should be dismissed for lack of personal jurisdiction. He admits, however, to being an inhabitant of Hawaii, lists a Honolulu address on his response, and was served by the United States at this address.

Second, Kernan seeks to have the petition dismissed for insufficiency of process. Specifically, Kernan alleges that the United States failed to serve him a court-issued summons as required by Rule 4(c) of the Federal Rules of Civil Procedure. While it is true that no court-issued summons was served on Kernan, he was served with an Order to Show Cause which provided him with ample notice of his opportunity to be heard.

Third, Kernan contends that not only was the process insufficient, but that the service of process was also insufficient. Kernan argues that he should have been served with the Order within 21 days of the date that it was served on the United States, but that he was actually served 29 days after service on the United States. The Order actually states, however, that it should be served within 21 days, "or as soon thereafter as possible." United States v. Kernan, No. 06-00478 HG-BMK (D. Haw. Sep. 12, 2006) (order to show cause). Given that service was attempted four times prior to the successful fifth attempt, the United States complied with the Order, and service of process was sufficient.

Fourth, Kernan argues that the petition violates his Fifth Amendment right against self-incrimination. This Fifth Amendment right, however, cannot be claimed as a "blanket assertion." United States v. Brown, 918 F.2d 82, 84 (9th Cir. 1990). Therefore, it cannot serve as a grounds for dismissing this petition.

Finally, Kernan asserts that the United States has failed to state a claim on which relief can be granted because it has not met the requirements of United States v. Powell.

Here, the United States has made the required prima facie showing under Powell. First, Revenue Agent Mitsuyoshi has declared that the summons was issued for a legitimate purpose; namely, in furtherance of an investigation into

5

whether Kernan has promoted abusive tax arrangements. Second, she has declared that the summons seeks information relevant to that investigation. Third, she has declared that the books, records, and other data sought are not already in the possession of the IRS. Fourth, Mitsuyoshi has declared that "all administrative steps required by the Internal Revenue Code for the issuance and service of the summons have been followed." (Second Mitsuyoshi Decl., filed Oct. 23, 2006.)

Once the United States has met its minimal burden, it is Kernan's responsibility to meet his "heavy" burden and show "specific facts and evidence" sufficient to overcome the United States' prima facie case, Liberty Fin. Servs., 778 F.2d at 1392. Kernan alleges that the Powell factors are not met, but is unable to point to any specific facts in support of these allegations. Because Kernan is unable to rebut the United States' prima facie case, his motion to dismiss should be denied, and the IRS summons should be enforced.

## CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that Kernan's motion to compel be DENIED; FINDS that the Powell factors have been met; and RECOMMENDS that Kernan's motion to dismiss be DENIED and that the IRS summons be ENFORCED.

IT IS SO ORDERED.

6

IT IS SO FOUND & RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: February 22, 2007

United States v. Kernan; ORDER DENYING EUGENE J. KERNAN'S MOTION TO COMPEL AND FINDING & RECOMMENDATION (1) THAT KERNAN'S MOTION TO DISMISS BE DENIED, AND (2) THAT THE IRS SUMMONS BE ENFORCED; CIV. NO. 06-00478 HG-BMK.