IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,   )   CIVIL NO. 06-00478 HG-BMK
                            )
            Petitioner,     )
                            )
        vs.                 )
                            )
EUGENE J. KERNAN,           )
                            )
            Respondent.     )
                            )
_____ )

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDING & RECOMMENDATION THAT KERNAN'S MOTION TO DISMISS BE DENIED, AND THAT THE IRS SUMMONS BE ENFORCED**
**AND**
**DENYING RESPONDENT EUGENE J. KERNAN'S MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292 RE DENIAL OF MOTION TO COMPEL**

Respondent Eugene J. Kernan, proceeding pro se, challenges the Internal Revenue Service's enforcement of a summons served upon him, directing him to appear before a revenue agent to give testimony and produce various documents related to an IRS investigation of Kernan for the alleged promotion of abusive tax arrangements.  Kernan filed a motion to dismiss the petition to enforce the summons and a motion to compel the IRS's compliance with subpoenas which Kernan served upon the IRS.

Pursuant to Local Rule 74.1 and 28 U.S.C. § 636(b)(1)(A), the United States Magistrate Judge denied the motion to compel. Pursuant to Local Rule 74.2 and 28 U.S.C. § 636(b)(1)(B), the

1

United States Magistrate Judge also recommended that Kernan's motion to dismiss be denied and that the IRS summons be enforced.

Kernan did not appeal or file a request for reconsideration of, or objections to, the magistrate judge's order and finding and recommendation.  Rather, Kernan filed a motion for certification regarding the motion to compel.  A motion for certification is not the proper vehicle to challenge a magistrate judge's finding and recommendation or to challenge a magistrate judge's order on a non-dispositive matter.  Also, despite its title, Kernan's motion for certification does not address the magistrate judge's ruling regarding his motion to compel.

The Court construes Kernan's motion for certification as an objection to the magistrate judge's finding and recommendation that Kernan's motion to dismiss be denied and the IRS's summons be enforced.  For the reasons set forth below, the Court ADOPTS the magistrate judge's finding and recommendation to deny Kernan's motion to dismiss and to enforce the summons and DENIES Kernan's motion for certification.

## BACKGROUND AND PROCEDURAL HISTORY

On February 23, 2007, the Magistrate Judge entered an "Order Denying Eugene J. Kernan's Motion to Compel and Finding & Recommendation (1) That Kernan's Motion to Dismiss Be Denied, and (2) That the IRS Summons Be Enforced."  ("Order and F&R", Doc. 24.)

The magistrate judge's Order and F & R details the relevant background and procedural history which the Court incorporates by reference and adopts.

In response to the Order and F&R, on March 5, 2007, Respondent Eugene J. Kernan ("Kernan") filed a "Motion for Certification Under 28 U.S.C. § 1292 re Denial of Motion to Compel".  ("Motion for Certification", Doc. 25.)

On March 15, 2007, Petitioner United States of America ("Petitioner") filed a "Response to Motion for Certification Under 28 U.S.C. § 1292 Re Denial of Motion to Compel."  ("Response", Doc. 26.)

On March 22, 2007, Kernan filed a Reply to the Petitioner's response.  ("Reply", Doc. 27.)

## STANDARD OF REVIEW

### Review of a magistrate judge's findings and recommendation with respect to a dispositive motion

A district judge may designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to the district judge proposed findings of fact and recommendations for the disposition, by the district judge, of a motion for judgment on the pleadings as well as a motion for summary judgment. 28 U.S.C. § 636 (b)(1)(B).

This Court must review de novo those portions of the magistrate judge's findings and recommendation to which a party objects.  Fed. R. Civ. P. 72(b).  The Court may accept, reject,

3

or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. Id.; see also Rule 74.2 of the Local Rules of the United States District Court for the District of Hawaii.  This Court may accept those portions of the findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record.  See Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003) (citing Abordo v. State of Hawaii, 902 F. Supp. 1220 (D. Haw. 1995); Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

### A.   Magistrate Judge's Order and F&R

This case arises out of Kernan's challenge to an Internal Revenue Service ("IRS") administrative summons directing him to appear before a revenue agent to give testimony and produce various documents related to an IRS investigation of Kernan for the alleged promotion of abusive tax arrangements.  Because Kernan failed to comply with the IRS administrative summons, the IRS initiated the present action by filing a "Petition to Enforce IRS Summons".  Kernan challenged the Petition by filing a motion to dismiss the Petition.  To obtain support for his motion to dismiss, Kernan subpoenaed the IRS agent and a number of IRS documents.  Kernan filed a motion to compel the IRS's compliance with these subpoenas.

4

The Order and F&R addresses both Kernan's motion to compel compliance with his subpoenas to the IRS and his motion to dismiss the Petition.

The magistrate judge, applying the correct legal standard, denied Kernan's motion to compel because Kernan had not alleged specific facts that raised "sufficient doubt" as to the validity of the summons as is required for taxpayer initiated discovery in summons enforcement cases.  (Order and F&R at 4.)

With regard to Kernan's motion to dismiss, after careful and thorough consideration of each argument raised therein, the magistrate judge recommended that Kernan's motion to dismiss be denied and the IRS summons be enforced.

**B.**   **Kernan's "Motion for Certification"**

    **1.**   ***The Court treats Kernan's "Motion for Certification" as objections to the magistrate judge's finding and recommendation to deny his motion to dismiss and to enforce the Petition***

Kernan's Motion for Certification focus on the validity of the IRS summons, in particular, on whether the summons was properly served.  Although it is labeled as a motion for certification "re Denial of Motion to Compel", it does not contain any argument regarding the magistrate judge's denial of Kernan's motion to compel.

A motion for certification is not the appropriate vehicle to challenge the magistrate judge's recommendation that Kernan's

motion to dismiss be denied and the Petition be enforced.  28

U.S.C. § 1292(b) only permits certification of orders issued by a

district judge and where certain conditions are satisfied.[1]

Pursuant to LR 74.2, Kernan had eleven days, until March 6, 2007,

to file objections to the magistrate judge's finding and

recommendation.  Kernan filed his Motion for Certification on

March 5, 2007.  The Court treats Kernan's Motion for

Certification as objections to the magistrate judge's finding and

recommendation.[2]

### 2.   *The Court adopts the magistrate judge's finding and recommendation to deny Kernan's motion to dismiss and to enforce the IRS summons*

The magistrate judge addressed Kernan's arguments with

respect to, among other things, the sufficiency of process and

---

[1]   28 U.S.C. § 1292(b) provides:

When a district judge, in making in a civil action an order
not otherwise appealable under this section, shall be of the
opinion that such order involves a controlling question of law
as to which there is substantial ground for difference of
opinion and that an immediate appeal from the order may
materially advance the ultimate termination of the litigation,
he shall so state in writing in such order. The Court of
Appeals which would have jurisdiction of an appeal of such
action may thereupon, in its discretion, permit an appeal to
be taken from such order, if application is made to it within
ten days after the entry of the order . . .


[2] Because Kernan makes no argument with regard to the
magistrate judge's denial of his motion to compel, the Court does
not construe his filing as an appeal or request for
reconsideration of that decision.  See LR 74.1; 28 U.S.C. §
636(b)(1)(A).

the sufficiency of the timing of the service of process of the IRS summons.  (Order and F&R at 4-5.)

Kernan now makes the new argument that the United States failed to serve him an attested copy of the summons as required by 26 U.S.C. § 7603.[3]  Kernan concludes that he was not served with an attested copy of the summons because the copy of the summons attached as Exhibit A to the Declaration of Revenue Agent Susan Mitsuyoshi does not contain the required attestation.

Kernan's argument is without merit.  The copy of the summons contained in Exhibit A to Mitsuyoshi's Declaration is a copy of the original summons.  It is marked "Original - to be kept by the IRS."  It does not contain the attestation because it is a copy of the *original*.  Revenue Agent Mitsuyoshi stated in both her Declaration and on the certificate of service for the summons that the copy she gave Kernan by hand contained the attestation required by Section 7603.  (Petition (Doc. 1), at Mitusyoshi Declaration, at ¶ 6 and at Exhibit A (Copy of Summons); Second

_____

[3] 26 U.S.C.A. § 7603(a) provides:

A summons issued under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. . . .

Mitsuyoshi Declaration, (Doc. 7), at ¶ 6.)  Kernan has not

produced any evidence to the contrary.  To the extent Kernan

raises any new arguments in his reply, the Court will not address

them.  <u>See</u> LR 7.4 ("A reply must respond only to arguments raised

in the opposition.  Any arguments raised for the first time in

the reply shall be disregarded").

<b><u>CONCLUSION</u></b>

Having reviewed the Petition, Kernan's motions to dismiss

and to compel, the magistrate judge's "Order Denying Eugene J.

Kernan's Motion to Compel and Finding & Recommendation (1) That

Kernan's Motion to Dismiss Be Denied, and (2) That the IRS

Summons Be Enforced", (Doc. 24.), and Kernan's Motion for

Certification,

(1)   the magistrate judge's "Finding & Recommendation (1)

      That Kernan's Motion to Dismiss Be Denied, and

      (2) That the IRS Summons Be Enforced" (Doc. 24) is

      **ADOPTED;**

(2)   the Respondent Eugene J. Kernan's "Motion for

      Certification Under 28 U.S.C. § 1292 re Denial of

      Motion to Compel" (Doc. 25) is **DENIED;** and

(3)   the IRS summons to Respondent Eugene J. Kernan is

      **ENFORCED.**

This case is **CLOSED.**

8

IT IS SO ORDERED.

    DATED:  Honolulu, Hawaii, May 21, 2007.



/S/ Helen Gillmor
_____

Helen Gillmor
Chief United States District Judge

_____

<u>United States v. Eugene J. Kernan</u>; Civ. No. 06-00478 HG-BMK; **ORDER ADOPTING MAGISTRATE JUDGE'S FINDING & RECOMMENDATION THAT KERNAN'S MOTION TO DISMISS BE DENIED, AND THAT THE IRS SUMMONS BE ENFORCED AND DENYING RESPONDENT EUGENE J. KERNAN'S MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292 RE DENIAL OF MOTION TO COMPEL**